IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATIONAL GRANGE MUTUAL )
INSURANCE COMPANY, )
                                              )
       Plaintiff, )
                                              )
   v. ) Civil Action No. 08-311
                                              )
MUTUAL BENEFIT INSURANCE )
COMPANY, )
                                              )
       Defendant. )

MEMORANDUM

**INTRODUCTION**

In this declaratory judgment action which arises out of a dispute concerning insurance coverage for a motor vehicle accident, Plaintiff, National Grange Mutual Insurance Company ("National Grange"), and Defendant, Mutual Benefit Insurance Company (Mutual Benefit"), have filed cross-motions for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons set forth below, the motion of National Grange will be granted, and the cross-motion of Mutual Benefit will be denied.

**BACKGROUND**

Kebberly, Inc. provides landscaping, lawn, excavating and snow removal services. Michelle Kebberly is the sole owner of Kebberly, Inc., as well as a salaried employee.[1] (Doc. No.

---

[1] During her deposition, Ms. Kebberly testified that she does "everything" for Kebberly, Inc. - from secretarial work to running the machines. (Doc. No. 36-2, pp. 58, 83).

1

36-2, pp. 7-9). In 2003, a 2004 Chevrolet Tahoe ("the Chevy Tahoe") was purchased primarily for use in Kebberly, Inc.'s business and added to the list of covered vehicles in the commercial automobile insurance policy maintained by Kebberly, Inc. (Doc. No. 36-2, pp. 15-19). Title to the Chevy Tahoe was held by Kebberly, Inc. d/b/a Michelle Kebberly and John T. Kebberly, Ms. Kebberly's father. (Doc. No. 36-2, pp. 23-24, Doc. No. 40, App. 2).

In late 2004, a 2005 Chevrolet Duramax truck was purchased for use in Kebberly, Inc.'s business. Upon the purchase of the truck, Ms. Kebberly decided to convert the use of the Chevy Tahoe from primarily business to primarily personal.[2] Accordingly, in late 2004, Ms. Kebberly requested the deletion of the Chevy Tahoe from the list of covered vehicles in Kebberly, Inc.'s commercial automobile insurance policy which, at that time, was provided by National Grange ("the National Grange policy"),[3] and the addition of the Chevy Tahoe to the list of covered vehicles in her personal automobile insurance policy which, at that time, was

---

[2] With respect to this decision, Ms. Kebberly testified during her deposition that the Chevy Tahoe was "too nice" to keep using it for business purposes. (Doc. No. 36-2, p. 36).

[3] The Business Auto Coverage Form in the National Grange policy states in pertinent part: "Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations...." In turn, the Declarations page lists only Kebberly, Inc. as the Named Insured. (Doc. 40, App. 1).

2

provided by Mutual Benefit ("the Mutual Benefit policy").[4] The requests were processed by the respective insurance companies with an effective date of January 1, 2005.[5] (Doc. No. 36-2, pp. 35-44).

After work on May 25, 2007, Ms. Kebberly went home, showered, changed her clothes and drove to Alibi's, a tavern, in the Chevy Tahoe.[6] On the way, Ms. Kebberly drove past Kebberly, Inc.'s landscaping jobs for the next day. At some point, Ms. Kebberly left Alibi's and drove to another tavern, Bender's Pit Stop, to meet a terminally ill friend. At approximately 11:30 p.m., while driving home from Bender's Pit Stop in the Chevy Tahoe, Ms. Kebberly was involved in a motor vehicle accident in

---

[4]At all relevant times, Kebberly, Inc. and Ms. Kebberly purchased their respective automobile insurance policies through Fayette Insurance Associates ("FIA"). Harry Nedley of the Brown, Smiley & Nedley Agency, which is affiliated with FIA, handled Kebberly, Inc.'s commercial automobile insurance, while Charlotte Burgess, an agent with FIA, handled Ms. Kebberly's personal automobile insurance. (Doc. No. 36-2, pp. 11-13, Doc. No. 36-4, pp. 4-8, Doc. 40, App. 3 and App. 6).

[5]With regard to the processing of Ms. Kebberly's requests, the parties have stipulated to the following facts: (1) at the time the Chevy Tahoe was deleted from the list of covered vehicles in the National Grange policy issued to Kebberly, Inc., National Grange did not require or confirm that steps had been taken to remove Kebberly, Inc. as an owner on the Chevy Tahoe's title; and (2) at the time the Chevy Tahoe was added to the list of covered vehicles in the Mutual Benefit policy issued to Ms. Kebberly, Mutual Benefit was aware that Kebberly, Inc. was listed as an owner on the Chevy Tahoe's title. (Doc. No. 40, App. 4).

[6]Ms. Kebberly had not used the Chevy Tahoe at work that day. (Doc. No. 36-2, p. 62).

3

which Donald Burton and Faith Burton sustained serious injuries. (Doc. No. 36-2, pp. 62-69, Exh. B to Doc. No. 36-2, p. 4).

In September 2007, the Burtons filed a negligence action against Ms. Kebberly in the Court of Common Pleas of Fayette County, Pennsylvania at GD No. 2323 of 2007 ("the State court action"). (Doc. No. 25, Exh. A). Subsequently, Mutual Benefit, Ms. Kebberly's personal automobile insurer, retained counsel to defend her in the State court action.

On February 29, 2008, several months after the State court action was commenced, National Grange filed this declaratory judgment action against Michelle Kebberly, Kebberly, Inc., Donald Burton and Faith Burton seeking a declaration that it had no obligation under the commercial automobile insurance policy issued to Kebberly, Inc. to defend or indemnify Ms. Kebberly with respect to the negligence claims asserted by the Burtons in the State court action. (Doc. No. 2). On April 23, 2008, Mutual Benefit filed a motion to intervene in this action, and the motion was granted. (Doc. Nos. 8 and 17).

On June 6, 2008, the parties in the State court action participated in private mediation and the case was settled. Specifically, in exchange for a full and final release of Ms. Kebberly with regard to the negligence claims, Mutual Benefit agreed to pay an undisclosed sum of money to the Burtons. (Doc. No. 25, ¶ 9). A week later, Mutual Benefit filed its own

4

complaint for declaratory judgment in this case seeking a declaration that (a) the commercial automobile insurance policy issued by National Grange to Kebberly, Inc. is primary with respect to the negligence claims asserted by the Burtons against Ms. Kebberly in the State court action, and (b) it is entitled to be reimbursed by National Grange for the expenses and costs incurred to defend and settle the State court action.[7] (Doc. No. 19). Each insurer now seeks a declaratory judgment in its favor as a matter of law.

**LEGAL STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A court "can grant summary judgment on an issue of contract interpretation if the contractual language being interpreted is subject to only one reasonable interpretation." Emerson Radio Corp. v. Orion Sales, Inc., 253 F.3d 159, 164-65

---

[7] Following the settlement of the State court action, Ms. Kebberly, Kebberly, Inc., Donald Burton and Faith Burton were no longer interested parties in this dispute. Accordingly, the case was terminated as to these defendants and the caption was amended accordingly.

(3d Cir.2001). See also LeJeune v. Bliss-Salem, Inc., 85 F.3d 1069, 1073 (3d Cir.1996)("Where ... a contract is unambiguous, it is appropriate for the court to determine its meaning as a matter of law at the summary judgment stage."). In the present case, the parties agree that the language of the National Grange policy at issue is not ambiguous.[8] (Doc. No. 35, p. 12, Doc. No. 38, p. 7).

**DISCUSSION**

The National Grange policy which was in effect at the time of the motor vehicle accident involving Ms. Kebberly and the Burtons provided in relevant part:

\* \* \*

**SECTION II - LIABILITY COVERAGE**

**A.  Coverage**

> We will pay all sums an "Insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\* \* \*

---

[8] Under Pennsylvania law, which applies in this diversity, the interpretation of an insurance contract is a question of law for the court to decide. Thus, a court can determine on a summary judgment motion, as a matter of law, whether a claim is within a policy's coverage or is barred by an exclusion. Verticalnet, Inc. v. U.S. Specialty Ins. Co. 492 F.Supp.2d 452, 456 (E.D.Pa.2007)

6

1. **Who Is An Insured**

    The following are "insureds":

    a.  You for any covered "auto".

    b.  Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

    * * *

    (2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

    * * *

(Doc. No. 40, App. 1).

There is no dispute that the Chevy Tahoe which Ms. Kebberly was driving at the time of the motor vehicle accident in which the Burtons were injured could be a covered auto under the National Grange policy issued to Kebberly, Inc. Specifically, a "1" was inserted next to "Liability Insurance" on the Declarations page of the National Grange policy, and the Symbol "1" indicates that "Any 'Auto'" is covered. (Doc. No. 40, App. 1). However, Ms. Kebberly acknowledged during her deposition that she was not driving the Chevy Tahoe for purposes of Kebberly, Inc.'s business at the time of the motor vehicle accident involving the Burtons (Doc. 36-2, pp. 66-69, Exh. B to Doc. No. 36-2, p. 6), and Kebberly, Inc. was not named as a defendant in the State court action. Thus, the issue is whether Ms. Kebberly meets the definition of "Who Is An Insured" in the

7

National Grange policy, and the Court concludes that she does not.[9]

There is no dispute that Ms. Kebberly was an employee of Kebberly, Inc.[10] (Doc. No. 36-2, p. 8). Moreover, under Pennsylvania law, Ms. Kebberly was an owner of the Chevy Tahoe at the time of the motor vehicle accident involving the Burtons.[11] See Cicconi Auto Body v. Nationwide Ins. Co., 904 A.2d 933, 937 (2006)(noting that "by the plain language of [Pennsylvania's] Motor Vehicle Code, a titleholder is an owner of a vehicle.").

---

[9]There is no dispute that the Mutual Benefit policy provided coverage to Ms. Kebberly with respect to the motor vehicle accident involving the Burtons. If the National Grange policy also provided coverage to Ms. Kebberly for the claims asserted by the Burtons in the State court action, it would be necessary to interpret the "Other Insurance" clauses in the respective policies to determine the proportionate liability of National Grange and Mutual Benefit for the expenses and costs incurred to defend and settle the State court action. However, in light of the Court's conclusion that Ms. Kebberly was not an insured under the National Grange policy with respect to the motor vehicle accident involving the Burtons, there is no need to reach this issue.

[10]Mutual Benefit seeks to exclude Ms. Kebberly from the exception set forth in section b(2) of "Who Is An Insured" in the National Grange policy by emphasizing that, in addition to being an employee of Kebberly, Inc., she also was its sole owner. (Doc. No. 42, p. 2). However, Mutual Benefit offered no authority to support this argument, and the Court's research revealed none.

[11]With respect to the ownership of the Chevy Tahoe by both Kebberly, Inc. and Ms. Kebberly, as noted by National Grange, its policy "does not require that the ownership of the subject vehicle be solely in the name of the employee in order for the exception to the definition of 'Who is an Insured' to apply." (Doc. No. 35, p. 5).

Under the circumstances, Ms. Kebberly does not qualify as an insured under the clear language of section b(2) of "Who Is An Insured" in the National Grange policy, and National Grange has no obligation to indemnify Mutual Benefit for any or all of the expenses and costs incurred to defend and settle the State court action filed by the Burtons against Ms. Kebberly.

                    *William L. Standish*
                    William L. Standish
                    United States District Judge

Date: April 16, 2009